UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUFUS J. BROOKS, JR.,

    Plaintiff,

v.                                                  Case No.:   2:20-cv-337-FtM-38NPM

DONALD SAWYER, E. SALEMA and JP CARNER,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is an untitled motion filed by Plaintiff Rufus J. Brooks, Jr., in which Brooks asks for a default judgment against Defendant Donald Sawyer. (Doc. 16). Under the prisoner mailbox rule, the Court deems the motion filed on November 9, 2020, the date it was received by the Florida Civil Commitment Center. The Court dismissed this case for failure to timely serve Defendants and entered judgment on November 6, 2020. (Doc. 14; Doc. 15). So the Court will consider the motion a timely request for relief from a judgment or order under Federal Rule of Civil Procedure 60. Brooks'

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

subsequently filed notice of appeal (Doc. 17) will thus become effective when this Order is entered.  Fed. R. App. P. 4(a)(4).

Federal Rule of Civil Procedure 60 allows a court to relieve a party from a final judgment or order for the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence…;
> (3) Fraud…;
> (4) The judgment is void;
> (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) Any other reason that justifies relief.

Brooks' motion claims Sawyer waived service on August 28, 2020, and requests a default judgment against Sawyer.  But the only waiver of service Brooks filed—which is dated August 28, 2020—is signed by Lavon Cardenas, a non-party to this action.  Brooks has not shown that Sawyer waived service.  Sawyer is thus not in default, and the Court finds no good cause under Rule 60 to relieve Brooks from its Order (Doc. 14) dismissing this case without prejudice for failing to timely serve Defendants.

Accordingly, it is now

**ORDERED:**

Plaintiff Rufus Brooks' motion (Doc. 16) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 19, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record